# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE,<br><br>    Petitioner,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Respondents. | Case No. 2:16-cv-00082-APG-GWF<br><br>**ORDER** |

    Petitioner has submitted a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

    Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

    A successive habeas petition may not be filed in this Court unless the petitioner has obtained permission from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Court takes judicial notice of the many habeas petitions filed by petitioner

Tagle in this Court, including but not limited to the following cases: 2:13-cv-01832-JCM-CWH; 2:15-cv-00214-GMN-PAL; 2:16-cv-00045-RCJ-VCF; 3:13-cv-00264-MMD-VPC; 3:13-cv-00266-RCJ-VPC; and 3:13-cv-00318-HDM-WGC. Petitioner has made no allegation or showing that he has obtained permission from the Court of Appeals to file a successive petition. Therefore, this action will be summarily dismissed.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels,* 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition as successive debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Petitioner is not required to pay the filing fee for this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall separately file the petition (ECF No. 1-1), which is attached to the application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that this action is **DISMISSED AS A SUCCESSIVE PETITION.**

-2-

**IT IS FURTHER ORDERED** that all other motions in this action are **DENIED**, including petitioner's motion for the appointment of counsel (ECF No. 2) and motion for transport (ECF No. 3).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 22 day of August, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE