UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR TAGLE,

        *Petitioner*,

vs.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

        *Respondents*.

Case No. 2:16-cv-00082-APG-GWF

**ORDER**

    This closed action by a Nevada state inmate comes before the Court on petitioner's motion styled as a motion (ECF No. 8) for case information.

    On August 22, 2016, the Court filed and entered a judgment of dismissal. Per established procedure, the notices of electronic filing were distributed electronically to the librarian of the Northern Nevada Correctional Center (NNCC). On August 30, 2016, a notice was filed reflecting that the "inmate refused delivery" of the notices of filing.

    In the pending motion, petitioner takes issue with, *inter alia*, being "represented" by the NNCC librarian and with having to sign for receipt of court legal mail before seeing it.

    The Court developed an electronic-filing program with the law library at the Northern Nevada Correctional Center. The program reduces the photocopying expenses that inmates incur when serving documents upon defendants and also reduces the time it takes for a prisoner's outgoing filings to be seen by the Court and any other served parties. Moreover, the program reduces the time it takes for Court legal mail to reach prisoners – assuming that they sign for the mail once received at the prison.

Petitioner's concern that he is being "represented" by the institution and/or librarian is unfounded. The NNCC librarian is listed in the represented by or counsel section of the docket sheet solely because that placement on the docket sheet is necessary to enable the electronic docketing system to send notices of electronic filing to the NNCC law library. The NNCC librarian is not representing petitioner. Nor are the respondents in this action or his custodians representing him.

If petitioner wishes to receive his legal mail, he must sign for it. That holds true both for physical mailings sent from the Court to other prison law libraries and for notices of electronic filing sent from the Court to the NNCC law librarian. Either way, the inmate must sign for his mail. If he refuses to sign for his mail and his delays for taking action expire, he has no basis for relief in that regard.

The foregoing is not a procedure as to which petitioner can opt either in or out. Court mailings to prisoners at NNCC are sent electronically to the prison law librarian. Prisoners must sign for their mail if they wish to see it. If they refuse to sign for it, all applicable delays continue to run notwithstanding their refusal to sign for the mail.

Petitioner further queries as to whether the August 22, 2016, order and judgment were filed. They were both filed and entered on that date.

Petitioner presents further queries and argument about other cases. This order addresses only this action.

**IT THEREFORE IS ORDERED** that petitioner's motion (ECF No. 8) for case information is DENIED.

This action has been, and remains, closed by final judgment.

DATED: 10/6/16

_____
ANDREW P. GORDON
United States District Judge